925 F.2d 1480
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Fred A. HUBBS and Nancy J. Hubbs, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5131.
 United States Court of Appeals, Federal Circuit.
 Jan. 24, 1991.
 
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 CLEVENGER, Circuit Judge.
 
 
 1
 Fred A. and Nancy J. Hubbs (plaintiffs) appeal the decision of the United States Claims Court denying plaintiffs' motion for summary judgment and granting summary judgment in favor of the United States. Hubbs v. United States, No. 657-88 C (Cl.Ct. May 15, 1990). For the reasons set forth below, we affirm.
 
 OPINION
 
 2
 Plaintiffs operate a farm in Adams County, Colorado. As security for their borrowing from the Commodity Credit Corporation (CCC), plaintiffs gave CCC a security interest in 20,262 bushels of corn stored on plaintiffs' farm. Later, plaintiffs sold the corn to Valley Feed & Seed, Inc. (Valley), which at the direction of CCC issued a bank draft in favor of CCC, the proceeds of which were intended to repay the debt. Nineteen days after delivery of the draft to CCC, it began the bank collection process. By the time the draft reached the bank, Valley's account had been closed. In the end, Valley did not pay for the corn, and CCC caused the loan to be repaid by its offset against sums otherwise owed by CCC to plaintiffs.
 
 
 3
 Plaintiffs brought suit in the Claims Court on the theory that their loan contract with CCC imposed a contract duty on CCC to present Valley's draft more swiftly than nineteen days after its receipt. Plaintiffs concede that the contract contains no explicit term that specifies the length of time in which CCC must effect presentment of a draft. They recognize, therefore, that their suit in the Claims Court can succeed only if they can establish an implied in fact contract requiring earlier presentment than was accomplished in this case, and thus creating a basis for a breach of contract claim against CCC. For the reasons explained in the extensive opinion of the Claims Court, plaintiffs have failed to set forth facts sufficient to establish an implied in fact contract term requiring earlier presentment than nineteen days. Absent such showing, as a matter of law plaintiffs' contract claim must fail, and entry of summary judgment in favor of the United States must be affirmed.